<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

RUTH WATSON,

                Plaintiff,

       v.

1019 LINDA LANE, VINELAND NJ 08360

                Defendant.

HONORABLE KAREN M. WILLIAMS

No. 24-11020 (KMW-MJS)

**MEMORANDUM OPINION
AND ORDER**

**THIS MATTER** comes before the Court by way of *pro se* Plaintiff Ruth Watson's ("Plaintiff") Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application") (ECF No. 1-1) pursuant to 28 U.S.C. § 1915(a)(1); and

**THE COURT NOTING** that, having reviewed Plaintiff's IFP Application, Plaintiff declares that her average monthly income is $39,840.00 and her average monthly expenses are approximately $4,750.00. IFP Application ¶ 1, 8. Plaintiff does not have other liquid assets, nor does she list a spouse to contribute income or share in expenses, ¶¶ 1-8; and

**WHEREAS,** the Third Circuit has held that an application to proceed without paying filing fees is "based on a showing of indigence," *Douris v. Newtown Borough, Inc.*, 207 F. App'x 242, 243 (3d Cir. 2006) (citation omitted);

**WHERAS,** the Court observes that pursuant to 28 U.S.C.A. § 1915(e)(2)(A), "the court *shall* dismiss the case at any time if the court determines that—(A) the allegation of poverty is

untrue," *id.*[1] (emphasis added); *see also Kachur v. WMC Mortg. Corp.*, No. 18-15111, 2018 WL 5634007, at \*1 (D.N.J. Oct. 31, 2018) (dismissing the complaint *sua sponte* upon denial of in forma pauperis application where the court found that, "[c]onsidering Plaintiffs' monthly income, savings, and expenses, Plaintiffs ha[d] not established that they [could not] pay the costs of litigation."); and

WHERAS, the Court notes that although a "person need not be absolutely destitute to proceed in forma pauperis," Plaintiff must nonetheless "establish that [she] is unable to pay the costs of [her] suit," *Hurst v. Shalk*, 659 F. App'x 133, 134 (3d Cir. 2016); and

WHEREAS, here, the Court finds that Plaintiff's monthly income, savings, and expenses fail to establish that Plaintiff cannot pay the costs of litigation; therefore,

IT IS this __31st__ day of **December**, 2024 **ORDERED** that:

(1) Plaintiff's application is **DENIED** without prejudice.

(2) Plaintiff may submit the required $405.00 filing fee or file a renewed Application to Proceed without Prepaying Fees or Costs by January 31, 2025.

(3) The Clerk of the Court shall close this matter and serve a copy of this Memorandum Opinion and Order upon Plaintiff by regular U.S. mail.

KAREN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

---

[1] Although the Court does not reach the merits of Plaintiff application for a Temporary Restraining Order ("TRO") or screen the Complaint for dismissal under 28 U.S.C. § 1915(e)(2)(B), the Court notes that to the extent Plaintiff seeks relief that would disrupt a state court foreclosure judgment, the district court cannot provide such relief. *See Kachur*, 2018 WL 5634007, at \*1 n.1; *Nest v. Nationstar Mortg., LLC*, No. 16-4282, 2016 WL 4541871, at \*2 (D.N.J. Aug. 31, 2016) (citations omitted) ("The Third Circuit has specifically held that the *Rooker-Feldman* doctrine bars federal courts from providing relief that would invalidate a state court foreclosure decision."). "Should Plaintiff[] demonstrate [her] entitlement to proceed IFP or pay the filing fee, the Court would then evaluate the merits of Plaintiff's application for a TRO." *Kachur*, 2018 WL 5634007, at \*1 n.1